UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KISONA MAILOTO, JR.,<br><br>Defendant. | NO: 2:17-CR-0148-TOR<br><br>ORDER DENYING MOTIONS TO SUPPRESS, DISMISS AND RULINGS AT PRETRIAL CONFERENCE |

BEFORE THE COURT are Defendant's Motion to Suppress Statements Obtained in Violation of *Miranda* (ECF No. 41), Motion to Suppress Statements Obtained in Violation of *Massiah* (ECF No. 62), Motion to Dismiss Count 3 based on the Second Amendment (ECF No. 63), and Motions in Limine (ECF Nos. 42, 64). A pretrial conference and evidentiary hearing was held on May 2, 2018. Defendant was present and represented by David Fletcher, J. Stephen Roberts, Jr., and Amy H. Rubin, all from the Federal Defenders of Eastern Washington and Idaho. AUSA Patrick J. Cashman appeared on behalf of the Government. The Court reviewed the motions, responses, all supplemental briefing and the file

ORDER DENYING MOTIONS TO SUPPRESS,
DISMISS AND RULINGS AT PRETRIAL CONFERENCE ~ 1

therein, considered the testimony of the witnesses and exhibits, heard from counsel, and is fully informed. This order supplements and memorializes the Court's oral rulings at the hearing.

**DISCUSSION**

1. <u>Motion to Suppress Statements Re: *Miranda* (ECF No. 41).</u>

Defendant claims the statements he made to Officer Boling were the result of custodial interrogation in violation of *Miranda*. The Court finds the statements Defendant made to Officer Boling were during a consensual encounter not requiring *Miranda* warnings.

Task Force Officer Lee Boling was the only witness who testified. Officer Boling's testimony is fully accepted, this Court finds he was fully credible and detailed in his testimony. The Court finds that Officer Boling contacted Defendant's defense attorney on state charges and notified him that he was conducting a federal investigation for federal violations. Defendant's attorney contacted the Defendant, explained that there was a federal investigation and authorized Officer Boling to meet with Defendant. Defendant's attorney expressly denied representing Defendant on the federal investigation.

Defendant voluntarily agreed to meet Officer Boling in a Safeway grocery store parking lot to sign certain paperwork, verify his signature, be advised of his appeal rights, and be advised of his future restrictions regarding firearms. Officer

Boling met with Defendant in a public place, without a show of force, without verbal commands. Washington State Patrol Trooper Pichette was present only to witness Defendant's signature. While Trooper Pichette was in full uniform and a marked car, Officer Boling was in plain clothes and a rental pick-up truck without markings or any display of force or authority. Only because it started to downpour rain, Officer Boling invited Defendant to sit in the passenger seat of his pick-up to conclude the interview. At no time did Defendant seek to leave, request the cessation of questioning, or ask for an attorney. Trooper Pichette went to his own car during this time and any show of force because of his uniform was thereby cancelled, as he was no longer present for the conversation that continued.

Objectively viewing the encounter demonstrates to this Court that Defendant freely attended the meeting in a public place, was free to leave at any time, his movement was not restrained whatsoever, he was not in custody, and he freely left the meeting after about 40 minutes. The Court emphasizes that only Officer Boling testified and the Court finds him fully credible, so the evidence before the Court is uncontradicted. After examining the totality of circumstances, the Court concludes well beyond a preponderance of the evidence that Defendant was not in custody and thus, no *Miranda* warnings were required. *See United States v. Cazares*, 788 F.3d 956, 980-81 (9th Cir. 2015) (test and factors to consider).

2. Motion to Suppress Statements Re: *Massiah* (ECF No. 62).

Defendant claims the statements he made to Officer Boling were obtained in violation of his right to have his counsel present according to *Massiah v. United States*, 377 U.S. 201, 206 (1964).

Defendant's Sixth Amendment right to counsel is offense-specific. *See McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). That is, he had a right to counsel only on the offenses for which he had been charged, and on any other offenses that constituted the "same offense" under the *Blockburger* test. *See Texas v. Cobb*, 532 U.S. 162, 167–73 (2001); *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Defendant's attorney on the state charges affirmatively represented that he did not represent Defendant on the federal investigation. The federal charges do not constitute the same offense under *Blockburger*. Therefore, there has been no Sixth Amendment *Massiah* violation. *See United States v. Danielson*, 325 F.3d 1054, 1066 (9th Cir. 2003).

3. Motion to Dismiss Count 3 based on the Second Amendment (ECF No. 63).

Defendant seeks to dismiss count 3 of the Superseding Indictment charging a violation of 18 U.S.C. § 922(g)(8). 18 U.S.C. § 922(g)(8) prohibits any person who is subject to a court order restraining them from "harassing, stalking, or threatening an intimate partner…" from possessing a firearm while the order is in place.

[W]hile the Second Amendment protects an individual right to keep and bear arms, the scope of that right is not unlimited. *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013) (citing *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008)). The Ninth Circuit joined the Third, Fourth, Seventh, Tenth, and D.C. Circuits in holding that [a] two-step framework . . . applies to Second Amendment challenges to various firearms restrictions post-Heller. *Chovan*, 735 F.3d at 1137. Under this test, "[t]he first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee. . . . If the challenged regulation burdens conduct that was within the scope of the Second Amendment as historically understood, then we move to the second step of applying an appropriate form of means-end scrutiny." *Chovan*, 735 F.3d at 1134 (internal quotes omitted, citing *United States v. Chester*, 628 F3d 673, 680 (4th Cir. 2010)).

Applying that inquiry, the Court holds that § 922(g)(8) burdens conduct falling within the scope of the Second Amendment's guarantee and that intermediate scrutiny applies to Defendant's Second Amendment challenge. Applying the Ninth Circuit's intermediate scrutiny to § 922(g)(8), this Court holds that it is constitutional on its face and as applied to Defendant under the circumstances of his case. The restriction placed on Defendant's ability to possess a firearm does not implicate the core of the Second Amendment because the

restriction is based on a finding by a court of law that Defendant "represent[ed] a credible threat to the physical safety of [his] intimate partner." RCW 9.41.800(3)(c). Moreover, the burden imposed by § 922(g)(8) is lessened by the fact that it is temporary, that is the restriction lasts only so long as the protection order is in place. Thus, this Court holds that § 922(g)(8) is constitutional as applied to Defendant's circumstances.

 4. Motions in Limine (ECF Nos. 42, 64).

The Court's rulings are preliminary, dependent on how evidence is offered at trial. As the Supreme Court has noted, *in limine* rulings are

> "subject to change when the case unfolds. . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."

*Luce v. United States*, 469 U.S. 38, 41–42 (1984). For the reasons stated on the record, the motions are granted and denied as indicated.

**A**. Defendant seeks to exclude evidence regarding the circumstances of his arrest for 4th degree assault and violation of a no-contact order. Defendant is charged with two counts of false statement during purchase of a firearm in violation of 18 U.S.C. § 924(a)(1)(A) and one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(8). ECF No. 46. While the fact of the no-contact order is relevant to the charges, the underlying conduct has no relevance to the federal charges, whatsoever. Indeed, it would be highly

prejudicial to delve into the allegations of the complaining witness or the Defendant's version of the events. This federal trial is not about what happened to prompt the no-contact order, only the consequences arising from its implementation. Therefore, this evidence is excluded.

However, notice to Defendant as to the existence and scope of the no-contact order is relevant, including if it was recited to him again, subsequent to an alleged violation.

**B**. Defendant seeks to exclude evidence that he allegedly shot firearms at an indoor shooting range. Such evidence is not relevant to the charges before the Court and thus, this evidence is inadmissible.

**C**. Defendant seeks to exclude any non-noticed Rule 404(b) and Rule 609 evidence. The Government seeks to introduce admissions Defendant made (after a violation of the no-contact order) that he knew he was subject to the no-contact order. Those admissions are admissible. Allegedly shooting a firearm at an indoor range is not admissible. There has been no Rule 609 evidence disclosed, so it is excluded.

**D**. Defendant seeks to invoke the exclusion of witnesses during trial according to Federal Rule of Evidence 615. The Court grants Defendant's motion.

**E**. Defendant seeks to exclude any Government vouching (expressions of overwhelming evidence; using "we know" verbiage; contrasting Defendant's

innocence with prosecution's witness must be lying; and urging conviction to protect community). The Court grants Defendant's motion.

**F**. Defendant seeks to exclude any reference denigrating the defense. The Court grants Defendant's motion.

**G**. Defendant seeks to preclude pleas to convict as a duty of the jury. The Court grants Defendant's motion.

**H**. Defendant seeks *Henthorn* materials. In accord with LCrR 16(a)(7), *Henthorn* materials must be provided.

**I**. Defendant seeks preclusion of any undisclosed discovery material. In accord with LCrR 16, discovery shall be provided. The Court notes that purely rebuttal material may not be known by the prosecution until trial, but it must be disclosed as soon as it is discovered. LCrR 16(c).

**J**. Defendant seeks to preclude undisclosed expert testimony. The Court grants Defendant's motion precluding undisclosed expert testimony.

**K**. Defendant seeks to prohibit the Government from referencing S.F as a "victim." The Government agrees to this restriction and it is so ordered.

**L**. Defendant seeks to exclude evidence of the characteristics of other weapons not involved or charged in the federal indictment. The Court grants Defendant's motion. If for some reason reference need be made that Defendant

transferred other firearms as a result of the no-contact order, that reference should merely recite "firearms" not any more specific and prejudicial description.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Suppress Statements Obtained in Violation of *Miranda* (ECF No. 41) is **DENIED**.

2. Defendant's Motion to Suppress Statements Obtained in Violation of *Massiah* (ECF No. 62) is **DENIED**.

3. Defendant's Motion to Dismiss Count 3 based on the Second Amendment (ECF No. 63) is **DENIED**.

4. Defendant's Motions in Limine (ECF Nos. 42, 64) are **GRANTED** in part and **DENIED** in part.

The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** May 4, 2018

THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTIONS TO SUPPRESS,
DISMISS AND RULINGS AT PRETRIAL CONFERENCE ~ 9